UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHLANDA JOHNSON, on behalf of herself and all similarly situated Aggrieved Employees,<br><br>Plaintiffs,<br><br>v.<br><br>LKQ FOSTER AUTO PARTS, INC., a Corporation, and DOES 1 through 50, inclusive,[1]<br><br>Defendants. | No.  2:15-cv-02413-KJM-AC<br><br>ORDER |

---

[1] The Ninth Circuit provides "'[plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)) (modifications in original). Plaintiff is cautioned that such defendants will be dismissed where "'it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Id*. (quoting *Gillespie*, 629 F.2d at 642). Federal Rule of Civil Procedure 4(m), as recently amended, provides for dismissal of defendants  not served within 90 days of filing of the complaint unless plaintiff shows good cause. *See Glass v. Fields*, No. 1:09-cv-00098-OWW-SMS PC, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. C 11-01567 LB, 2011 U.S. Dist. LEXIS 109837, at *2-4 (N.D. Cal. Sep. 27, 2011).

1

This matter is before the court on defendant LKQ Foster Auto Parts, Inc.'s motion to dismiss. Mot., ECF No. 13. Plaintiff Shlanda Johnson opposes. Opp'n, ECF No. 16. Defendant has replied. Reply, ECF No. 17. Having considered the arguments presented by the parties in the papers, the court finds this matter appropriate for resolution without a hearing.

As explained below, the court GRANTS defendant's motion to dismiss IN PART.

I.   BACKGROUND

On November 19, 2015, plaintiff filed this case against defendant, alleging defendant retaliated against her for making a complaint about defendant, in violation of California Labor Code section 1102.5. *See generally* Compl., ECF No. 1. Plaintiff filed the action as an individual and on behalf of other similarly situated employees under California Labor Code Private Attorneys General Act of 2004 (PAGA), California Labor Code section 2699. Defendant now seeks to dismiss plaintiff's claim for (1) lack of subject matter jurisdiction, (2) failure to state a claim, and (3) failure to join a necessary and indispensable party. *See generally* Mot.

II.   RULE 12(b)(1): JURISDICTION

A.   Legal Standard

Federal courts are courts of limited jurisdiction and, until proven otherwise, cases lie outside the jurisdiction of the court. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377–78 (1994). Subject matter jurisdiction may be challenged by either party or addressed by the court *sua sponte*. Fed. R. Civ. P. 12(b)(1), (h)(3); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1983). A Rule 12(b)(1) jurisdictional attack may be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the complaint is challenged as failing to establish federal jurisdiction, even assuming all the allegations are true and construing the complaint in the light most favorable to plaintiff. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

By contrast, in a factual attack, the challenger provides evidence that an alleged fact is false, resulting in a lack of subject matter jurisdiction. *Id.* In these circumstances, the allegations are not presumed to be true and "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual

disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

Jurisdictional dismissal is "exceptional" and warranted only "'where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous.'" *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1948)). Accordingly, the Ninth Circuit has held that "[j]urisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action.'" *Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.*, 711 F.2d 138, 139 (9th Cir. 1983) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). "Normally, the question of jurisdiction and the merits of an action will be considered intertwined where . . . a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id.* (quotation omitted).

B.   Discussion

Plaintiff asserts the court has subject matter jurisdiction over her claims based on 28 U.S.C. § 1332. Under that section, the court has jurisdiction in cases in which the parties are citizens of different states and the amount in controversy exceeds $75,000. Defendant does not dispute the amount in controversy. It argues rather that Redding Auto Center Inc. (Redding), a California corporation, is the correct defendant, and plaintiff and Redding are not diverse; thus the complaint lacks subject matter jurisdiction. The court is unpersuaded.

Here, defendant brings a factual attack against plaintiff's complaint by introducing plaintiff's W-2 forms, which listed Keystone Automotive Industries (Keystone) as plaintiff's employer. Mot., Ex. 2. Defendant has not asked for judicial notice but attaches the W-2 forms

3

1  to, the declaration of Keystone's human resource manager, Amanda Allen, which itself is
2  attached to defendant's motion.  The declaration states that Keystone issued the W-2 forms to
3  plaintiff.  In general, a court may not consider items outside the pleadings when deciding a
4  motion to dismiss, but it may consider items of which it can take judicial notice.  *Barron v. Reich*,
5  13 F.3d 1370, 1377 (9th Cir. 1994).  While the court may take judicial notice on its own, it cannot
6  take notice of the W-2 forms here.  *Ramirez v. Manpower, Inc.*, No. 13-02880, 2014 WL
7  3378306, at *1 n.1 (N.D. Cal. July 10, 2014) (denying defendants' request to take judicial notice
8  of plaintiff's redacted W-2 form, because facts within ir could not be readily determined).
9  Though defendant provides a declaration from Allen, defendant does not lay a foundation for the
10 W-2 forms by, for example, demonstrating that Allen had personal knowledge of the W-2 forms'
11 contents.  Additionally, the documents do not contain facts that "can be accurately and readily
12 determined from sources whose accuracy cannot reasonably be questioned."  *See* Fed. R. Evid.
13 201(b); *Ramirez*, 2014 WL 3378306, at *1 n.1.  Defendant has not pointed to any other judicially
14 noticeable evidence in the record to support its argument that the only entity that could be
15 plaintiff's employer is Redding, let alone explain its relationship to Keystone beyond  the
16 conclusory statement provided in the Allen declaration.

17         Furthermore, though defendant's challenge cannot be construed as facial, as it
18 challenges the complaint's factual basis, even under a facial challenge, defendant would not
19 succeed.  Under a facial challenge, a complaint is subject to dismissal under Rule 12(b)(1) if
20 subject matter jurisdiction is absent from the face of the complaint.  *See Doe v. Holy See*,
21 557 F.3d 1066, 1073 (9th Cir. 2009).  In a facial challenge, the court assumes the plaintiff's
22 factual allegations to be true and draws all reasonable inferences in its favor.  *Id.*  Here, plaintiff
23 alleges defendant hired her, and defendant is a citizen of Delaware and Illinois whereas plaintiff
24 is a resident of California.[2]  Compl. ¶¶ 1, 2, 11.  Diversity jurisdiction exists on the face of the
25 complaint.

---

27  [2] Defendant also argues in its Reply that plaintiff filed suit against LKQ Foster and not
LKQ, and that the two are not the same corporation.  Reply at 2–3.  To the extent the Reply brief
28 raises new arguments, the court declines to address them.  *Simpson v. Lear Astronics Corp.*, 77

4

Accordingly, the court DENIES defendant's motion to dismiss under Rule 12(b)(1).

III.   RULE 12(b)(6): FAILURE TO STATE A CLAIM

    A.   Legal Standard

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013).  The court assumes these factual allegations are true and draws reasonable inferences from them. *Iqbal*, 556 U.S. at 678.  A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678.  In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).  Evaluation under Rule 12(b)(6) is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

    B.   Discussion

Defendant next argues plaintiff has not stated a claim, because defendant is not her employer. At the time of the events relied on in the complaint, California Labor Code section 1102.5(b) provided:

> An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

Cal. Lab. Code § 1102.5(b) (2004).[3]

---

F.3d 1170, 1176 & n.4 (9th Cir. 1995) (issues not raised in opening brief may not properly be raised in reply).

    [3] Section 1102.5 was later amended, effective January 1, 2014.  The prior version applies to Johnson's claims, however. *Landgraf v. USI Film Products*, 511 U.S. 244, 269 (1994)) ("[I]f a statutory change is substantive because it would impose new, additional or different liabilities

The term "employer" as used in section 1102.5 is not defined by statute. Another court has found day-to-day supervision of employees to be important in determining who qualifies as an employer under section 1102.5. *See Huse v. Auburn Honda*, No. 04-0227, 2005 WL 1398521, at *3 (E.D. Cal. June 10, 2005). However an "employer" is defined, a review of the complaint and its attachments reveals insufficient factual allegations to allow a plausible identification. The document attached to the complaint is a notice to the Labor and Workforce Development Agency and plaintiff's employer a required by California Labor Code section 2699.3(2)(C)(b)(1). The notice was sent to "California Labor & Workforce" and "LKQ Corporation, Inc." by plaintiff's counsel. Compl., Ex. A; *see Ritchie,* 342 F.3d at 907-08 (court may treat such a document as part of complaint and assume its contents are true for purposes of motion to dismiss under Rule 12(b)(6)). The notice states, "On October 2012, Shlanda Johnson was hired by the LKQ Corporation." *Id.* Looking at the notice alone, any relationship between "LKQ Corporation" and LKQ Foster Auto Parts, Inc. (LKQ Foster), the named defendant, is not clear. Plaintiff does not allege LKQ Corporation, Inc. and LKQ Foster are one and the same. The court does not need to presume contradictory factual allegations are true. *Sprewell*, 266 F.3d at 988–89.

Accordingly, the court GRANTS defendant's motion to dismiss under Rule 12(b)(6), but with leave to amend if plaintiff can amend to clarify the name of the relevant employer, subject to Federal Rule of Civil Procedure 11.

IV.    RULE 12(b)(7): JOINDER

Defendant also moves to dismiss on grounds that plaintiff has failed to join a necessary and indispensable party who would destroy diversity.

A.    Legal Standard

Rule 12(b)(7) allows a party to request dismissal for "failure to join a party under Rule 19." Fed. R. Civ.P. 12(b)(7).

---

based on past conduct, courts are loath to interpret it as having retrospective application."); *McClung v. Emp't Dev. Dep't*, 34 Cal. 4th 467, 474 (2004) ("The amended statute defines the law for the future, but it cannot define the law for the past." (citation omitted)).

Rule 19 provides, in relevant part, that

> . . . A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> . . .
>
> (b) When Joinder Is Not Feasible.  If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.  The factors for the court to consider include:
>
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
> (A) protective provisions in the judgment;
>
> (B) shaping the relief; or
>
> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(1).

Rule 19 "imposes a three-step inquiry:" (1) "Is the absent party necessary (i.e. required to be joined if feasible) under Rule 19(a)?"  (2) "If so, is it feasible to order that the absent party be joined?"  (3) "If joinder is not feasible, can the case proceed without the absent party, or is the absent party indispensable such that the action must be dismissed?"  *Salt River*

*Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012) (footnote omitted) (citing *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 773, 779–80 (9th Cir. 2005)).  In the third step, the court considers the demands of "equity and good conscience."  Fed. R. Civ. P. 19(b).

The Rule 19 inquiry is fact-specific and practical.  *Major League Baseball*, 297 F.R.D. 457, 461 (S.D. Cal. 2013) (citing *Biagro W. Sales Inc. v. Helena Chem. Co.*, 160 F. Supp. 2d 1136, 1141 (E.D. Cal. 2001); *Makah Indian Tribe v. Verity*, 910 F.2d 555, 556 (9th Cir. 1990)).  For this reason, it may be necessary to review evidence beyond the pleadings.  *Camacho* (quoting *McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960)).  A moving party "'bear[s] the burden in producing evidence in support of the motion.'"  *Id.* (quoting *Biagro*, 160 F. Supp. 2d at 1141).

B.    Discussion

Defendant argues that in the absence of Redding, the court cannot provide complete relief, but if Redding is joined then diversity would be destroyed.  Mot. at 7.  Defendant has borne its burden, however, of showing Redding is a necessary party.

In applying *Salt River's* three-part test, the court first considers the first prong, asking whether the absent party must be joined.  A party is required to be joined if feasible, if the absent party is necessary under Rule 19(a).  *Salt River*, 672 F.3d at 1179.  "A party may be necessary under Rule 19(a) in three different ways."  *Id.*  "First, a person is necessary if, in his absence, the court cannot accord complete relief among existing parties."  *Id.* (citing Fed. R. Civ. P. 19(a)(1)(A)).  "Second, a person is necessary if he has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest."  *Id.* (citing Fed. R. Civ. P. 19(a)(1)(B)(i)).  "Third, a person is necessary if he has an interest in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of that interest."  *Id.* (citing Fed. R. Civ. P. 19(a)(1)(B)(ii)).  As a fourth consideration, however, even when a party has an interest in the litigation, that party may not be necessary under Rule 19(a) if it is "adequately represented" by a present party.  *Id.* at 1180–81.

8

Defendant argues only that Redding must be joined because in its absence the court cannot afford complete relief, citing to Allen's declaration and its attachments. "Complete relief is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013) (citations and internal quotations omitted). "To be 'complete,' relief must be 'meaningful relief as between the parties.'" *Id.* (quoting *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 871, 879 (9th Cir. 2004)). Here, defendant notes plaintiff has alleged a PAGA retaliation claim, which requires an employer to be the defendant. Therefore, defendant says, complete relief cannot be provided without Redding as a party because Redding should be identified as plaintiff's employer. Mot. at 6–8.

Defendant contends the Allen declaration establishes Keystone is the common pay agent for Redding, and that plaintiff was employed by Redding from October 22, 2012 until November 20, 2013. Mot., Ex. A ¶¶ 6, 10.[4] The declaration attaches four exhibits: (1) Redding's business license and its name, address, and agent for service published on the California Secretary of State's website, (2) the W-2 forms discussed above, (3) details regarding Keystone published on the California Secretary of State's website, and (4) defendant's business license and details regarding its name, associated names, agent for service, and name history from the Oregon Secretary of State's website. Mot., Ex. A, Exs. 1–4. The court takes judicial notice of Exhibits 1, 3, and 4 attached to LKQ Foster's motion, ECF No. 13, as they are proper subjects of judicial notice. Fed. R. Evid. 201. These exhibits provide judicially noticeable facts regarding the citizenship of Redding, Keystone and defendant. They do not clarify how these entities are related, apart from the fact Keystone served as Redding's pay agent.

Even if the court considers LKQ Corporation's Form 10-K and the list of its subsidiaries provided by defendant only in reply, Nowak Decl. ¶¶ 4–7, Exs. 1, 2, this information

---

[4] Plaintiff objects to portions of the Allen Declaration and moves to strike the offending passages. ECF No. 16-3. Specifically, she objects to paragraphs 5, 6, 9, and 12 on grounds of hearsay, lack of personal knowledge, original writing, and improper lay testimony. These paragraphs contain substantive legal argument and will be disregarded. Accordingly, Johnson's evidentiary objections are mooted and her motion to strike is DENIED.

does not establish the corporate relationship between defendant, Keystone and Redding. *Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F. Supp. 3d 1011, 1040 (C.D. Cal. 2015) ("Although the Form 10-K can be judicially noticed, it cannot be considered for its truth . . . ."). Redding is listed as a subsidiary on the form, but this does not show each entity is completely separate from one another, or if one or more are related as parent and subsidiary corporations.

        The court DENIES defendant's motion to dismiss, and finds that granting plaintiff leave to amend would not be futile.

V.       FAILURE TO REDACT

        Local Rule 140 provides that "when filing documents, counsel . . . shall omit or, where reference is necessary, partially redact . . . personal data identifiers from all pleadings, documents, and exhibits." Personal data includes social security numbers. LKQ Foster here has filed documents displaying plaintiff's social security number, without redaction. *See* ECF No. 13 at 16–17. LKQ Foster is ORDERED TO SHOW CAUSE why it should not be sanctioned $250 for failure to redact such sensitive information.

        LKQ Foster also shall file redacted versions of the documents containing plaintiff's social security number within seven (7) days.

VI.      CONCLUSION

        The court GRANTS defendant's motion to dismiss based on Rule 12(b)(6) WITH LEAVE TO AMEND but DENIES it on all other grounds. Plaintiff is ORDERED to file a First Amended Complaint within twenty-one (21) days of this order.

        Defendant is ORDERED TO SHOW CAUSE why it should not be sanctioned in the amount of $250 for failing to redact as required by Local Rule 140. Defendant shall file redacted documents as directed above. Pending the filing of the redacted documents, the Clerk of Court shall seal the exhibits showing on the docket as ECF No. 13.

        IT IS SO ORDERED.

DATED: June 21, 2016.

                              UNITED STATES DISTRICT JUDGE